JOSEPH S. HART *vs.* WINDSOR B. WAITT.

A justice of the peace may allow an amendment of a writ returnable before him, before trial, reducing the *ad damnum* to a sum which will bring the case within his jurisdiction, if he has jurisdiction of the parties and subject matter.

TORT in the nature of trespass to real estate. The writ was dated December 20, 1859, and was returnable before a justice of the peace, the *ad damnum* being one hundred dollars. Before the trial, an amendment was allowed reducing the *ad damnum* to twenty dollars, that being the extent of the jurisdiction of justices of the peace in such cases, prior to the passage of the General Statutes. On the trial, the justice rendered judgment for the plaintiff, and the defendant appealed to the superior court, in which, after a default, a motion in arrest of judgment was sustained, for want of jurisdiction in the justice, and the plaintiff appealed to this court.

*J. Q. A. Griffin*, for the plaintiff.

*A. V. Lynde*, for the defendant.

DEWEY, J. In view of the course of legislation designed to facilitate the correction of mistakes in proceedings in suits at law, and of the precedents of amendments sustained by the decisions of this court, we are of opinion that the present amendment was one which the justice might properly allow to be made. Passing over the cases of amendments as to the names of the parties described in the writ, and the substitution of other and wholly different ones, we shall refer only to those having reference to the power to amend a process which on its face has defects apparently fatal to it as a legal process, and those where the *ad damnum* has been the subject of an amendment, either to give jurisdiction to the court in which the action was originally instituted, or to authorize a jurisdiction in a superior court by appeal.

In *Danielson* v. *Andrews*, 1 Pick. 156, the *ad damnum* was, by an amendment in the court of common pleas, increased to such a sum as would give jurisdiction to a higher court by appeal

As the writ was originally framed and entered, in the court to which it was returnable, it was a writ on which the jurisdiction of that court would by law have been final. The change in the *ad damnum* by the amendment alone gave jurisdiction to the appellate court.

In *Cragin* v. *Warfield*, 13 Met. 215, the *ad damnum* was wholly the creature of an amendment. The original writ, as entered in the court of common pleas, had no *ad damnum,* and of course the action was not properly cognizable in that court; but an amendment was allowed, and the defect removed.

In *Ellis* v. *Ridgway,* 1 Allen, 502, the *ad damnum* was allowed to be amended by increasing the same from $1500 to $2900, to authorize a judgment for the amount which the plaintiff was found entitled to recover in the action, upon a hearing before arbitrators.

In *Kimball* v. *Wilkins*, 2 Cush. 555, where the name of the town at which the writ was returnable was incorrectly stated, the writ being made returnable at Salem instead of Ipswich, where the term of the court was holden, the action having been entered, it was held that the writ was amendable. It was said by the court that the case came clearly within the Rev. Sts. *c.* 100, § 21, and was therefore a proper case for amendment under § 22.

In *McIniffe* v. *Wheelock*, 1 Gray, 600, the writ on its face was clearly bad, as it purported by its date to have been issued after the return day; but the court allowed an amendment in the date, and thus gave the case a standing in court.

In a case in replevin, *Jaques* v. *Sanderson*, 8 Cush. 271, an amendment was allowed, setting forth the value of the property replevied to be above twenty dollars, for the purpose of giving jurisdiction to the court, no allegation of value having been inserted in the writ. This court, waiving any opinion upon the question of the necessity of such allegation in a writ of replevin, held that this, if necessary, was an amendment clearly within the power of the court to grant.

These cases certainly go very far to sustain the power of allowing the amendment in the present case. Some of them

45 *

are cases where the jurisdiction was created or sustained by the amendment allowed. We are aware that the want of jurisdiction in the court is a fatal objection to its proceeding to the trial of the case. We have held that the objection of a want of jurisdiction cannot be obviated by an amendment in the appellate court, and for the very obvious reason that the appellate court cannot by its amendment confer jurisdiction upon the court from which the appeal was taken; and the jurisdiction having never attached there, the defect was not remediable by an amendment in the higher court. *Ladd* v. *Kimball,* 12 Gray, *Ashuelot Bank* v. *Pearson,* 14 Gray, 521.

But where the court to which the writ is returnable has jurisdiction of the parties and of the subject, as in the present instance, and the only objection is that the *ad damnum* is to a larger amount than the court can exercise jurisdiction of, we perceive no legal objection to the allowance of an amendment by the court to which it is returnable, reducing the *ad damnum.* If that is done before proceeding to trial on the merits, the court will then have a case before them within their statute jurisdiction as to amount of damages, and may proceed to hear and adjudicate thereon, and all subsequent proceedings will be the same as if the *ad damnum* had been originally the same as made by the amendment.

In the opinion of the court, the amendment was properly allowed, and, being thus made, no ground exists for arresting the judgment.          *Motion in arrest of judgment overruled.**

---

* A similar decision was made at the same term in the case of JOSEPH DIX & another *v.* THOMAS HUNTRESS & another, which was an action of contract returnable before a justice of the peace, in which the *ad damnum* was one hundred and fifty dollars, and an amendment was allowed, before the trial, reducing it to one hundred dollars; and it was held in this court, after subsequent proceedings similar to those in *Hart* v. *Waitt,* that the justice had power to allow the amendment.